UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES DIAMOND,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　Case No. 04-73889

JOHN A. GILLIS (a/k/a JOHN A. WHITE　　　HONORABLE AVERN COHN
or JACK WHITE), MEGAN M. WHITE,
p/k/a THE WHITE STRIPES, and THIRD
MAN RECORDS, INC., a Michigan
corporation, jointly and severally,

    Defendants.

_____/

**MEMORANDUM AND ORDER
GRANTING PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT**[1]

**I. Introduction**

This is a copyright case involving two sound recordings featuring performances by the musical group The White Stripes. Plaintiff James Diamond (Diamond) is suing John A. Gillis (a/k/a John White or Jack White);[2] Megan White;[3] and Third Man Records, Inc. On November 29, 2004, defendants moved to dismiss certain claims in the first amended complaint. The Court issued an order granting in part and denying in part the

---

[1] The Court originally scheduled this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

[2] The first amended complaint names John A. Gillis as a defendant. The record indicates that Gillis legally changed his name to Jack White. He will be referred to as Jack White.

[3] Jack White and Megan White are known as the musical group The White Stripes.

motion. Accordingly, the continuing claims in the first amended complaint are: (1) breach of contract implied in fact, (2) declaration of ownership interest in copyrights of master sound recordings, and (3) accounting.

Before the Court is Plaintiff's Motion to File Second Amended Complaint. For the reasons that follow, the motion is GRANTED.

## II. Background

### A. Factual Background[4]

Diamond, a sound engineer and music producer, opened a recording studio in Detroit in the mid 1990s called "Ghetto Recorders."[5] In January 1999, the Whites asked Diamond to record music sessions at Ghetto Recorders. Diamond engineered, co-produced, mixed, and edited the sessions. The result of Diamond's work with the Whites are the master recordings that comprise The White Stripes' first album, entitled "The White Stripes." The album was released in June 1999 on a small independent record label; it did not result in any profit. Diamond is identified on the album's artwork as the person responsible for engineering and co-producing the album.

In 2000, Diamond mixed and edited master recordings with the Whites that became The White Stripes' second album, entitled "De Stijl." The second album was released in 2000 on a small independent label; it did not result in any profit. Diamond is listed on "De Stijl" as the person responsible for mixing the album with Jack White.

In 2002, the Whites authorized Third Man Records, Inc., a record company, to re-

---

[4] The factual background is taken from the Memorandum and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, filed on February 17, 2005.

[5] See http://www.ghettorecorders.com.

release the recordings Diamond had created with them.  Diamond says that the Whites and/or Third Man Records assigned or licensed "The White Stripes" and "De Stijl" to another company for commercial exploitation in the United States and in return received a multi-million dollar payment.

Diamond says that the Whites registered "The White Stripes" and "De Stijl" with the United States Copyright Office in 2002.  He says that the re-issued copes of the two albums contained a copyright notice for the first time, stating that the Whites were the sole copyright owners.

### B. Procedural Background

Diamond made five claims in the first amended complaint as follows:

| COUNT | CLAIM |
|---|---|
| 1 | Breach of Contract Implied in Fact |
| 2 | Declaration of Ownership Interest in Copyrights of Master Sound Recordings |
| 3 | Accounting |
| 4 | Action Against Co-Tenants Pursuant to Michigan Compiled Laws § 554.138 |
| 5 | Unjust Enrichment |

Defendants moved to dismiss Counts Two, Three, Four, and Five.  The Court granted defendants' motion with respect to Counts Four and Five on the ground that they are preempted by the Copyright Act of 1976, 17 U.S.C. § 301.

### III. Discussion

### A. Legal Standard

The Federal Rules of Civil Procedure provide that leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Although Rule 15 states that leave "shall be freely given," grounds for denying a motion for leave to amend include undue delay, bad faith or dilatory motive on the part of the movant, failure to cure deficiencies by amendments previously allowed, prejudice to the opposing party, and futility of the amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).

### B. Analysis

Diamond says that he seeks leave to file a second amended complaint so that he can "plead with more specificity the allegations contained in his claim for breach of contract implied in fact" and that he "wishes to clean up the pleading, including removal of the preempted claims." Defendants oppose the motion and say, inter alia, that "Diamond is now alleging for the first time that The White Stripes promised to pay him royalties" and that "[h]is papers suggest he is trying to revive his dismissed unjust enrichment claim."

A review of the proposed second amended complaint shows that Diamond is not bringing any additional claims against defendants. Indeed, the proposed second amended complaint contains three counts: (1) breach of contract implied in fact, (2) declaration of ownership interest in copyrights of master sound recordings, and (3) accounting. Although defendants believe that Diamond is trying to somehow reassert a claim for unjust enrichment by making allegations in the proposed second amended

complaint that are not present in the first amended complaint, defendants' opposition is unavailing.  Defendants can raise these arguments in a properly formed motion to dismiss or a motion for summary judgment after discovery.

    SO ORDERED.

                           s/Avern Cohn
                           AVERN COHN
                           UNITED STATES DISTRICT JUDGE

Dated: April 29, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 29, 2005, by electronic and/or ordinary mail.

                           s/Julie Owens
                           Case Manager
                           (313) 234-5160