UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES DIAMOND,

    Plaintiff/Counter-Defendant,

-vs-

Case No. 04-73889
Hon: AVERN COHN

JOHN A. GILLIS (a/k/a JOHN A. WHITE or JACK WHITE), MEGAN M. WHITE p/k/a THE WHITE STRIPES and THIRD MAN RECORDS, INC.,

    Defendants/Counter-Plaintiffs.
_____/

## MEMORANDUM AND ORDER
## DENYING PLAINTIFF'S POST-TRIAL MOTIONS

This is a copyright case tried to a jury over four days in June of this year involving two master sound recordings, The White Stripes and De Stijl. The individual defendants wrote the music, sang the words, and played the instruments. Plaintiff was the sound engineer. The individual defendants copyrighted the recordings. Plaintiff sued for a declaration of co-ownership. The background of the case is detailed in the decision denying defendant's motion to dismiss. See Diamond v. Gillis, 357 F. Supp. 2d 1003 (E.D. Mich. 2005). The jury found for defendants. A copy of the verdict is attached as Exhibit A.

Now before the Court is plaintiff's Motion for Judgment Notwithstanding the Verdict or for New Trial under Fed. R. Civ. P. 50 and Fed. R. Civ. P. 59. Defendants

oppose the motion.[1]  Plaintiff has replied.  The matter is now ready for decision.

The tests for a judgment as a matter or law or, in the alternative, for a new trial are well known and will not be detailed here.  Essentially a judgment as a matter of law requires the court to find that reasonable minds could come to only one conclusion on the evidence.  A new trial requires the court to find either that the verdict is unjust or that it erred to the prejudice of the losing party.

As to the request for judgment as a matter of law, plaintiff essentially argues the jury wrongly decided the case, and that had he been the decision maker, he would have prevailed.  The jury said in essence that plaintiff's contributions to each of the recordings as a sound engineer were not sufficient to give him an interest in the copyright.  The jury also said that Jack White told plaintiff expressly prior to October 1, 2001 that he did not look on him as a joint author of either recording.

Importantly, plaintiff did not place in evidence a single sound recording which he engineered, and in which he shared the copyright, nor did plaintiff put in evidence an example of a recording in which the sound engineer shared the copyright.

As to a the request for a new trial, the Court does not find the verdict on either question to be unjust.  As to the instructions, a copy of the important ones being attached as Exhibit B, plaintiff does not say which in particular were so misleading or so inadequate in stating the law as to cause the jury to come to a wrong decision.  See Walker v. Norris, 917 F.2d 1449, 1454 (6th Cir. 1990).

---

[1] The footnotes in defendants' brief do not comply with the local rules regarding type size.  See E.D. Mich. LR 5.1(a).  Exhibit A to the brief consists of 37 pages of transcript; relevant pages were not tabbed and relevant passages were not highlighted.

2

Plaintiff was not entitled to win his case, and is not entitled to a second chance with a new jury. Accordingly, the motion is DENIED.

SO ORDERED.

_____
**AVERN COHN**
UNITED STATES DISTRICT JUDGE

Dated: **AUG 2 3 2006**

## VERDICT

### I.

A. Did Jim Diamond, Jack White, and Meg White intend to share authorship of *The White Stripes* master sound recordings in its creation?

_____ Yes

\_\_\_\_X\_\_\_\_ No

B. Did Jim Diamond, Jack White, and Meg White intended to share authorship of the *De Stijl* master sound recordings in its creation?

_____ Yes

\_\_\_\_X\_\_\_\_ No

### II.

A. Did Jack White and/or Meg White make a plain and express communication to Jim Diamond that they did not consider him a joint author of *The White Stripes* prior to October 1, 2001?

\_\_\_\_X\_\_\_\_ Yes

_____ No

B. Did Jack White and/or Meg White make a plain and express communication to Jim Diamond that they did not consider him a joint author of *De Stijl* prior to October 1, 2001?

\_\_\_\_X\_\_\_\_ Yes

_____ No

_____
JURY FOREPERSON

Date: 6-15-06

EXHIBIT B

Copyright protection extends to two separate and distinct aspects of music. The first is the "musical composition," or song, which is usually comprised of music and lyrics. The second is the "sound recording," which is a work that results from the fixation of a series of musical, spoken, or other sounds, such as disks, tapes, or other phonorecords, in which they are embodied. A sound recording is a copyrightable work resulting from the recording of a series of sounds.

Sound recordings and written musical compositions have their own separate copyrights. A sound recording copyright is distinct from the copyright of a particular song that may have been performed and recorded to create the sound recording. This case only involves copyrights in sound recordings, not the separate copyrights in the musical compositions that were performed and recorded to create the sound recordings.

The copyrightable elements in a sound recording will usually, though not always, involve "authorship" both on the part of the performers whose performance is captured and on the part of the person or persons responsible for setting up the recording session, capturing and electronically processing the sounds, and compiling and editing them to achieve the final sound recording. In some cases a person's contribution is such that the setting up, capturing and electronically processing the sounds, and compiling and editing them to make the final sound recordings, lacks sufficient creativity such that it cannot be said that there is authorship. It is for you to decide whether or not Diamond's contribution is such to make him an author along with the creativity of Jack White and Meg White.

When an author or authors create an original work, copyright exists automatically in the work at the moment of its creation. A "joint work" is a work prepared by two or more authors. Each of the authors of a joint work must:

1. contribute material which is significant, and

2. have intended at the time of creation that his or her contributions be merged into inseparable or interdependent parts of a unitary whole.

To decide whether Diamond is a joint author of a sound recording, you must first decide whether Diamond, Jack White, and Meg White intended to merge their respective contributions together to create the final sound recording.

The required intent will be found if, based on an objective, factual standard, the parties prepared the sound recordings with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole.

Parts of a unitary whole are considered "inseparable" when they have little or no meaning standing alone; parts of a unitary whole are considered "interdependent" when they have some meaning standing alone, but achieve their primary significance because of their combined effect, like music and lyrics in a song.

Evidence of a specific contribution of authorship is necessary, in contrast to mere ideas, refinements, and suggestions, none of which are subjects of a copyright.

Receiving a credit on a sound recording does not mean standing alone that a person is or is not an "author" for purposes of copyright.

Copyright automatically exists in an original work the moment it is created. A copyright owner may register the copyright by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work. After examination and a determination that the material deposited constitutes copyrightable subject matter and that legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

Failure to register the copyright, however, has no effect on the validity of the copyright or the author or owner's rights under the copyright.

Someone claiming to be a joint author is not barred from joint authorship by the fact that he or she did not file a registration for the work in question with the United States Copyright Office. Jack White and Meg White's certificates of registration of the copyright constitute evidence of their ownership of the copyright, and of their right to exclude others from copying the work. However, registration of a copyright is not conclusive as to the validity of the copyright.

You may consider evidence offered by Diamond that the registered copyrights are inaccurate because they do not list Diamond as an author of the work. From such evidence you are free to find that either or both of the registered copyrights is inaccurate if you find by a preponderance of the evidence, that Diamond is a joint author of the registered work.

A preponderance of the evidence means that you must be persuaded that individual's contentions are more probably true than not true.

The defendants claim that this case was filed too late in time.

A person cannot file a lawsuit claiming joint authorship of a work if he or she commences the lawsuit more than three years after the claim accrued.

A co-authorship claim accrues, or begins running, when one of the authors plainly and expressly communicates to the person claiming joint authorship that he or she does not consider that person a joint author of the work.

The author denying joint authorship bears the burden of proving that the claim accrued more than three years before the lawsuit was filed.