UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES DIAMOND,

    Plaintiff/Counter-Defendant,

-vs-

JOHN A. GILLIS (a/k/a JOHN A. WHITE or JACK WHITE), MEGAN M. WHITE p/k/a THE WHITE STRIPES and THIRD MAN RECORDS, INC.,

    Defendants/Counter-Plaintiffs.

                                                /

Case No. 04-73889
Hon: AVERN COHN

## ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY FEES

I.

This is a copyright case.  The background of the case and its eventual resolution is set forth in the Court's prior opinion, Diamond v. Gillis, 357 F. Supp. 2d 1003 (E.D. Mich 2006), and the Memorandum and Order Denying Plaintiffs' Post-Trial Motions.  Defendants as prevailing parties have moved for an award of attorney fees of $100,000.00, an amount considerably less than their actual attorney fees.  For the reasons that follow, the motion is DENIED.

II.

An award of attorney fees under the copyright act is a matter committed to the discretion of the Court.  As the Supreme Court explained in Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994):

> Prevailing plaintiffs and prevailing defendants are to be treated

> alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion. "There is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified." Hensley v. Eckerhart, 461 U.S. 424, 436-437, 103 S.Ct. 1933, 1941-1942, 103 S.Ct. 1933 (1983).

And further explained:

> Some courts following the evenhanded standard have suggested several nonexclusive factors to guide courts' discretion. For example, the Third Circuit has listed several nonexclusive factors that courts should consider in making awards of attorney's fees to any prevailing party. These factors include "frivolousness, motivation, objective unreasonableness (both in factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Lieb v. Topstone Industries, Inc., 788 F.2d 151, 156 (1986). We agree that such factors may be used to guide courts' discretion, so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner.

Id at 534-535 n.19.

The Court is satisfied after a review of the record and a read of the motion papers that this is not a case in which attorney fees should be awarded. In coming to the conclusion, the Court has considered the factors referenced in Lieb as referenced by the Supreme Court in Fogerty.

SO ORDERED.


Dated: October 3, 2006         s/Avern Cohn
                               AVERN COHN
                               UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, October 3, 2006, by electronic and/or ordinary mail.

                               s/Julie Owens
                               Case Manager, (313) 234-5160